UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

OSIEL BARAZAL,
LIVAN BARAZAL,
and other similarly situated individuals,

      Plaintiffs

v.

PRO-SEAL USA, INC.,
SPRAY FOAM AMERICA LLC,
LONNIE BECUDE, and
JENNIFER L. LAWRENCE, individually,

      Defendants.
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL, by and through the undersigned counsel, and hereby sue Defendants PRO-SEAL USA, INC., SPRAY FOAM AMERICA LLC, LONNIE BECUDE, and JENNIFER L. LAWRENCE individually, and allege:

1. This is an action to recover money damages for unpaid regular and half-time overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL are residents of Collier County, within the jurisdiction of this Honorable Court.   The Plaintiffs are covered employees for purposes of the Act.

3. Corporate Defendant PRO-SEAL USA, INC. (hereinafter PRO-SEAL USA, or Defendant) is a Florida corporation that has a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Defendant SPRAY FOAM AMERICA LLC,  (hereinafter SPRAY FOAM AMERICA, "Successor in Interest", or Defendant) is the "Successor in Interest" of PRO-SEAL USA. SPRAY FOAM AMERICA is the "Successor Employer" of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. The individual Defendant LONNIE BECUDE was and is now, the owner/officer and manager of Defendant Corporation PRO-SEAL USA. Defendant LONNIE BECUDE is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. The individual Defendant JENNIFER L. LAWRENCE was the manager of Defendant Corporation PRO-SEAL USA, and now she is the owner/partner and manager of successor in interest corporation SPRAY FOAM AMERICA.  JENNIFER L. LAWRENCE is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. All the actions raised in this complaint took place in Collier County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

8. This cause of action is brought by Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL as a collective action to recover from the Defendants overtime compensation liquidated

damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after June 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

9.  Corporate Defendant PRO-SEAL USA is a construction company specialized in spray foam and fiberglass insulation. Defendant maintains a place of business at 2960 Golden Gate Blvd w. Naples, FL 34120, where both Plaintiffs worked.

10. At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). Defendant is a construction company, which provides insulation services to the construction industry.  Defendant sells and/or markets its services to customers throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto over $500,000 per annum. Defendant's business activities involved those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

11. Plaintiffs and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, the Plaintiffs handled and worked on goods and

materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage. Therefore, there is individual coverage.

12. The Defendants PRO-SEAL USA and LONNIE BECUDE employed Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL, as non-exempted, full-time, hourly construction employees.

13. Defendants employed Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL at different times and periods and paid them at different hourly rates, but both Plaintiffs were subjected to the same unlawful employment practices, and they were not paid for all their overtime hours at the rate of time and a half their regular rate.

14. Plaintiffs were full-time, hourly employees working 6 days per week, more than 40 hours every week. Nevertheless, the Defendants did not compensate the Plaintiffs for the overtime hours worked appropriately.

15. Plaintiff worked 6 days per week an average of 93 hours, but they were paid for an average of 60 hours at their regular rate.  The 33 remaining overtime hours were not paid at any rate, not even the minimum wage rate.

16. The Plaintiffs did not clock-in-and out, but the Defendants were able to keep track of the number of hours worked by the Plaintiffs and other similarly situated individuals. The Plaintiffs were closely supervised by the owner of the business.

17. Therefore, during the relevant period Defendants willfully failed to pay Plaintiffs for overtime wages at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

18. Plaintiffs were paid bi-weekly with checks and cash without paystubs providing basic information like the number of days worked every week, employees' taxes withheld, etc.

19. The plaintiffs complained multiple times about the unpaid overtime hours to the owner of the business LONNIE BECUDE.

20. As a result of their complaints, the Plaintiffs were fired the same day by the Defendants.

21. At the time of their termination Defendants owed Plaintiff OSIEL BARAZAL 2 weeks of work, and the Defendants owed Plaintiff LIVAN BARAZAL, 1 week of work, plus the reimbursement of $200.00, that the Plaintiff spent from his own money to buy supplies.

22. Plaintiffs do not have time and payment records, but they are going to provide a good faith estimate of unpaid overtime hours based on their best recollection. Upon discovery, the Plaintiffs are going to amend their Statement of Claim accordingly.

23. Successor Liability Allegations. –

    Previously to the institution of the present action, Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL tried to recover their unpaid overtime wages by filing in this Honorable Court an FLSA lawsuit, Case No.20-cv-00467, dated June 30, 2020.   After settlement negotiations, the parties reached an agreement, a Joint Stipulation of Dismissal (DE  21), was filed on or about December 18, 2020, and this Court Dismissed with Prejudice the case and closed the file (DE 23) on December 21, 2020 .

24. However, Defendants PRO-SEAL USA and LONNIE BECUDE breached the terms of the Settlement Agreement executed on December 18, 2020, and never paid Plaintiffs their wages as stipulated and agreed.

25. Instead, sometime during litigation, Defendants PRO-SEAL USA and LONNIE BECUDE

transferred their assets to SPRAY FOAM AMERICA and are no longer doing business under the name of PRO-SEAL USA, they are performing business under the name of SPRAY FOAM AMERICA.

26. SPRAY FOAM AMERICA was incorporated on or about October 14, 2020. "Successor in Interest" SPRAY FOAM AMERICA registered as officer/manager Jeniffer L. Lawrence, who also performed as comptroller and/or accountant/ manager of PRO-SEAL USA. Defendant Lonnie Becude is not a member of the new corporation, but he continues running operations and he maintains total financial and operational control of the business.

27. All these events took place after the institution of the first lawsuit (June 30, 2020).

28. After the alleged transfer of assets, continued performing business under the name of "SPRAY FOAM AMERICA" as usual, without any changes.

29. There was an absolute continuity of business operation after "Successor in Interest" SPRAY FOAM AMERICA took over or began to operate SPRAY FOAM AMERICA. Successor in Interest SPRAY FOAM AMERICA  1) used the same facilities; 2) used the same workforce; 3) used the same supervisory personnel; 4) Successor in Interest SPRAY FOAM AMERICA used the same equipment and supplies; 5) the same list of suppliers; 6) same methods of doing business; 7) Defendants PRO-SEAL USA and SPRAY FOAM AMERICA performed exactly the same business, under the same working conditions; 8) The Successor in Interest SPRAY FOAM AMERICA provided the same spray foam and fiberglass insulation services; 9) they advertised their services using the same marketing tools, directed to the same customers; Defendant SPRAY FOAM AMERICA uses PRO-SEAL USA's working vehicles, but with changed markings

30. Defendant SPRAY FOAM AMERICA was in notice of pending lawsuits before its incorporation. SPRAY FOAM AMERICA acquired the assets and liabilities of PRO-SEAL USA. "Successor in Interest" SPRAY FOAM AMERICA continued PRO-SEAL USA's business without interruption or substantial change.

31. Therefore, Plaintiffs allege that PRO-SEAL USA and LONNIE BECUDE engaged in a fraudulent transfer/selling of its assets just to escape from its FLSA obligations, and SPRAY FOAM AMERICA is just a mere continuation and "Successor in Interest" of PRO-SEAL USA.

32. SPRAY FOAM AMERICA is the "Successor Employer" of Plaintiffs and other similarly situated individuals. SPRAY FOAM AMERICA is jointly liable for the FLSA violations of PRO-SEAL USA and is jointly and severally responsible for Plaintiff's damages.

33. Hereinafter "Predecessor Employer" PRO-SEAL USA., and "Successor in Interest" or "Successor Employer" SPRAY FOAM AMERICA, will be called collectively PRO-SEAL USA.

34. Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL seek to recover unpaid regular, and overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law. Also, Plaintiff Livan Barazal claims the reimbursement of $200.00 that he spent for the purchase of materials and supplies.

35. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>
<u>**AS TO PLAINTIFF OSIEL BARAZAL**</u>

36. Plaintiff OSIEL BARAZAL re-adopts every factual allegation concerning him as stated in paragraphs 1-35, above as if set out in full herein.

37. This action is brought by Plaintiff and those similarly-situated to recover from the Employers PRO-SEAL USA unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

38. At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, there is enterprise coverage.

39.  Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, the Plaintiffs handled and worked on goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage. Therefore, there is individual coverage.

40. Defendants PRO-SEAL USA and LONNIE BECUDE employed Plaintiff OSIEL BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about October 12, 2019, through approximately May 30, 2020, or 33 weeks.

41. During his employment with Defendants, Plaintiff worked 6 days per week an average of 93 hours weekly.

42. Plaintiff was paid at a rate of $14.00 an hour. Plaintiff's overtime rate should be $ 21.00 an hour.

43. While employed by the Defendants, Plaintiff worked more than 40 hours every week. However, Plaintiff was paid for 60 hours at his regular rate, and the remaining 33 hours were not paid to him at any rate, not even the minimum wage rate as required by the FLSA.

44. Plaintiff did not clock-in and out, but the Defendants were in complete control of the hours worked by Plaintiff and other similarly situated individuals.

45. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

46. Plaintiff was paid bi-weekly with checks and cash without paystubs providing basic information like the number of days worked every week, employees' taxes withheld, etc.

47. The records, if any, concerning the number of hours worked by Plaintiff OSIEL BARAZAL, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

48. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

50. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

51. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

     Twenty-Seven Thousand Four Hundred Eighty-Nine Dollars and 00/100 ($27,489.00)

   b. <u>Calculation of such wages</u>:

     Total Relevant weeks of employment: 33 weeks
     Relevant period of employment: 41 weeks
     Total number of hours worked: 93 average weekly
     Total number of O/T hours: 53 weekly average
     Total number of O/T hours paid: 20 O/T hours paid at regular rate
     Total number of unpaid O/T hours: 33 O/T hours paid at $0.00
     Regular rate: $14.00 an hour x 1.5=$21.00

     O/T rate: $21.00-$14.00 O/T rate paid=$7.00 an hour
     Half-time: $7.00 an hour

     **1.-Overtime for 20 hours weekly paid at regular rate**

     Half-time diff. $7.00 x 20 O/T hours=$140.00 wkly. x 33 weeks=$4,620.00

     **2.-Overtime for 33 hours weekly paid at $0.00**

     O/T $21.00 x 33 O/T hours=$693.00 wkly. x 33 weeks=$22,869.00

     Total #1 and #2: $27,489.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

     This amount represents the unpaid overtime wages.

52. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those

similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

53. Defendants PRO-SEAL USA and LONNIE BECUDE  knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

54. At the times mentioned, the individual Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the owners/partners and managers of PRO-SEAL USA. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PRO-SEAL USA concerning their employees, including Plaintiffs and others similarly situated. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

55. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

56. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff OSIEL BARAZAL and other similarly situated and against the Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff OSIEL BARAZAL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO</u>**
**<u>PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS;</u>**
**<u>AS TO PLAINTIFF OSIEL BARAZAL</u>**

57. Plaintiff OSIEL BARAZAL re-adopts every factual allegation as stated in paragraphs 1-35- of this complaint as if set out in full herein.

58. This action is brought by Plaintiff OSIEL BARAZAL and those similarly-situated to recover from the Employer PRO-SEAL USA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

59. At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, there is enterprise coverage.

60. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, the Plaintiff handled and worked on goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

61. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

62. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE employed Plaintiff OSIEL BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about October 12, 2019, through approximately May 30, 2020, or 33 weeks.

63. During his employment with Defendants, Plaintiff worked 6 days per week an average of 93 hours weekly. Plaintiff was paid at a rate of $14.00 an hour.

64. While employed by the Defendants, Plaintiff worked more than 40 hours every week. However, Plaintiff was paid for 60 hours at his regular rate, and the remaining 33 hours were not paid to him at any rate, not even the minimum wage rate as required by the FLSA.

65. Besides, at the time of his termination, Plaintiff was not paid for 2 weeks of work, the equivalent of 80 hours of work. Plaintiff was not paid for a substantial number of hours at any rate, not even the minimum wage as required by the Fair Labor Standards Ac.

66. Plaintiff did not clock-in and out, but the Defendants were in complete control of the hours worked by Plaintiff, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

67. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

68. Plaintiff was paid bi-weekly with a combination of checks and cash, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

69. The records, if any, concerning the number of hours worked by Plaintiff OSIEL BARAZAL, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon

information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

70. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

71. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

\* Plaintiff's wage-rate was $14.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Eighty-Four and 80/100 ($684.80)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 33 weeks
       Total relevant weeks of employment:2 weeks
       Total hours worked: 40 hours weekly average
       Regular wage-rate: $14.00 an hour
       Fl. Minimum wages: $8.56 an hour

       Min. Wage $8.56 x 40 hours=$342.40 weekly x 2 weeks=$684.80

    c. <u>Nature of wages</u>:

       This amount represents unpaid minimum wages.

72. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

73. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

74. At the times mentioned, the individual Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the owners/partners and managers of PRO-SEAL USA. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PRO-SEAL USA concerning their employees, including Plaintiffs and others similarly situated. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

75. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OSIEL BARAZAL and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff OSIEL BARAZAL and against the Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE  based on Defendants' willful

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff OSIEL BARAZAL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>
<u>**AS TO PLAINTIFF LIVAN BARAZAL**</u>

76. Plaintiff LIVAN BARAZAL re-adopts every factual allegation concerning him, as stated in paragraphs 1-35 above as if set out in full herein.

77. This action is brought by Plaintiff and those similarly-situated to recover from the Employers PRO-SEAL USA unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

78. At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, there is enterprise coverage.

79.  Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, Plaintiff handled and worked on goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage. Therefore, there is individual coverage.

80. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE employed Plaintiff LIVAN BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about April 1, 2019, through approximately May 30, 2020, or 60 weeks.

81. During his employment with Defendants, Plaintiff worked 6 days per week an average of 93 hours weekly.

82. Plaintiff was paid at a rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

83. While employed by the Defendants, Plaintiff worked more than 40 hours every week. However, Plaintiff was paid for 60 hours at his regular rate, and the remaining 33 hours were not paid to him at any rate, not even the minimum wage rate as required by the FLSA.

84. Plaintiff did not clock-in and out, but the Defendants were in complete control of the hours worked by Plaintiff and other similarly situated individuals.

85. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

86. Plaintiffs were paid bi-weekly with checks and cash without paystubs providing basic information like the number of days worked every week, employees' taxes withheld, etc.

87. The records, if any, concerning the number of hours worked by Plaintiff OSIEL BARAZAL, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

88. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

89. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

90. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of allegedly unpaid overtime wages:

   Fifty-Seven Thousand One Hundred Twenty Dollars and 00/100 ($57,120.00)

   b. Calculation of such wages:

   Total weeks of employment: 60 weeks
   Relevant period of employment: 60 weeks
   Total number of hours worked: 93 average weekly
   Total number of O/T hours: 53 weekly average
   Total number of O/T hours paid: 20 O/T hours paid at regular rate
   Total number of unpaid O/T hours: 33 O/T hours paid at $0.00
    Regular rate: $16.00 an hour x 1.5=$24.00

O/T rate: $24.00-$16.00 O/T rate paid=$8.00 an hour
Half-time: $8.00 an hour

**1.-Overtime for 20 hours weekly paid at regular rate**

Half-time diff. $8.00 x 20 O/T hours=$160.00 wkly. x 60 weeks=$9,600.00

**2.-Overtime for 33 hours weekly paid at $0.00**

O/T $24.00 x 33 O/T hours=$792.00.00 wkly. x 33 weeks=$47,520.00

Total #1 and #2: $57,120.00

c.  Nature of wages (e.g. overtime or straight time):

   This amount represents the unpaid overtime wages.

91. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

92. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

93. At the times mentioned, the individual Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the owners/partners and managers of PRO-SEAL USA. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the

interests of PRO-SEAL USA concerning their employees, including Plaintiffs and others similarly situated. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

94. Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

95. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LIVAN BARAZAL and other similarly situated and against the Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

JURY DEMAND

Plaintiff LIVAN BARAZAL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT IV:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS;**
**AS TO PLAINTIFF LIVAN BARAZAL**

96. Plaintiff LIVAN BARAZAL re-adopts every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

97. This action is brought by Plaintiff and those similarly-situated to recover from the Employers PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

98. At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, there is enterprise coverage.

99. Plaintiffs and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, the Plaintiffs handled and worked on goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage. Therefore, there is individual coverage.

100. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

101.    Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE  employed Plaintiff LIVAN BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about April 1, 2019, through approximately May 30, 2020, or 60 weeks.

102.    During his employment with Defendants, Plaintiff worked 6 days per week an average of 93 hours weekly. Plaintiff was paid at a rate of $16.00 an hour.

103.    While employed by the Defendants, Plaintiff worked more than 40 hours every week. However,  Plaintiff was paid for 60 hours at his regular rate, and the remaining 33 hours were not paid to him at any rate, not even the minimum wage rate as required by the FLSA.

104.    Besides, at the time of his termination, Plaintiff was not paid for 1 week of work, the equivalent of 40 hours of work. Plaintiff was not paid for a substantial number of hours at any rate, not even the minimum wage as required by the Fair Labor Standards Ac.

105.    Plaintiff did not clock-in and out, but the Defendants were in complete control of the hours worked by Plaintiff, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

106.    Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

107.    The Plaintiff was paid bi-weekly with a combination of checks and cash, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

108.    The records, if any, concerning the number of hours worked by Plaintiff LIVAN BARAZAL, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

109.    Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

110.    Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

* Plaintiff's wage-rate was $16.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

    Three Hundred Forty-Two and 40/100 ($342.40)

    b.  <u>Calculation of such wages</u>:

    Total weeks of employment: 60 weeks
    Total relevant weeks of employment:1 weeks
    Total hours worked: 40 hours weekly average
    Regular wage-rate: $16.00 an hour
    Fl. Minimum wages: $8.56 an hour

    Min. Wage $8.56 x 40 hours=$342.40 weekly

    This amount represents unpaid minimum wages.

111.     Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

112.     Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE   knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

113.     At the times mentioned, the individual Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the owners/partners and managers of PRO-SEAL USA. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PRO-SEAL USA concerning their employees, including Plaintiffs and others similarly situated. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

114.     Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

115.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LIVAN BARAZAL and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff LIVAN BARAZAL and against the Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE   based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff LIVAN BARAZAL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT V:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE OF PLAINTIFFS OSIEL BAARAZAL AND LIVAN**
**BARAZAL; AGAINST ALL DEFENDANTS**

116.     Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL re-adopts every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

117.     At all times pertinent to this Complaint, Defendant PRO-SEAL USA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, there is enterprise coverage.

118.      Plaintiffs and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and they performed activities in furtherance of an enterprise engaged in interstate commerce. Also, the Plaintiffs handled and worked on goods and materials that were moved in interstate commerce at any time of the business. Therefore, there is FLSA individual coverage. Therefore, there is individual coverage.

119.     Defendant PRO-SEAL USA was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

120.     29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

121.     29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

122.     Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

123.     Defendants PRO-SEAL USA and LONNIE BECUDE employed Plaintiff OSIEL BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about October 12, 2019, through approximately May 30, 2020, or 33 weeks.

124.     Defendants PRO-SEAL USA and LONNIE BECUDE employed Plaintiff LIVAN

BARAZAL as a non-exempted, full-time, labor, or insulation worker, from about April 1,

2019, through approximately May 30, 2020, or 60 weeks.

125.     The Plaintiffs were hired as non-exempted, full-time construction employees.  The

Plaintiffs had duties as insulation laborers. The Plaintiffs were paid at the rate of $14.00,

and $16.00 an hour, respectively. The Plaintiffs'  overtime rate should be $21,00 and

$24.00 an hour.

126.     During their time of employment with Defendants, Plaintiff worked consistently

and regularly 6 days per week, an average of 93 hours weekly. They were unable to take

bonafide lunchtime

127.     The Plaintiffs always worked more than 40 hours in a week, but they were paid for

an average of 60 hours at their regular wage rate.  The Plaintiffs were not paid for 33

working hours every week.

128.     The Plaintiffs did not clock in and out.  However, the Defendants were able to keep

track of the hours worked by the Plaintiff and other similarly situated individuals.

129.     Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours

at the rate of time and one-half his regular rate for every hour that he worked in excess of

forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C.

207(a)(1).

130.     The Plaintiffs were paid with a combination of checks and cash, without cash any

paystub providing basic information about the real number of working hours, wage rate,

employment taxes, etc.

131.    The Plaintiffs were not in agreement with the wages received every week and they complained to the owner and manager of the business LONNIE BECUDE.

132.    These complaints constituted protected activity under the Fair Labor Standards Act.

133.    The plaintiffs complained about the last time on or about the last week of May 2020.

134.    Defendant LONNIE BECUDE always answered; "We don't pay overtime, if you don't like it, you can go".

135.    Plaintiffs were fired the same day by the Defendants, and they used pretextual reasons.

136.    At all times during his employment with Defendants, the Plaintiffs performed their duties satisfactorily. There were no reasons other than a retaliatory action to terminate the Plaintiffs' employment with Defendants.

137.    There is proximity between the Plaintiffs' protected activity and the date of his termination.

138.    At the times mentioned, the individual Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the owners/partners and managers of PRO-SEAL USA. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PRO-SEAL USA concerning their employees, including Plaintiffs and others similarly situated. Defendants LONNIE BECUDE and JENNIFER L. LAWRENCE had absolute financial and operational control of the Corporation, determining terms, and

working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

139.     Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE willfully and intentionally refused to pay Plaintiffs minimum and overtime wages as required by the FLSA, and then retaliated against Plaintiffs by firing them because they complained many times.

140.     The motivating factor which caused the Plaintiffs' termination as described above was their complaint seeking overtime wages from the Defendants.  In other words, the Plaintiffs would not have been discharged but for their complaints about overtime wages.

141.     The Defendants' termination of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiffs have been damaged.

142.     The Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and they are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants PRO-SEAL USA, LONNIE BECUDE, and JENNIFER L. LAWRENCE   that Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL recover compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and

other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.   Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL further pray for such additional

relief as the interests of justice may require.

JURY DEMAND

Plaintiffs OSIEL BARAZAL and LIVAN BARAZAL demand trial by a jury of all issues triable

as of right by a jury.

DATED: February 08, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*